IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH A. MCFEELY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-63E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HUNTINGTON NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant's Motion (Doc. 7) to dismiss all of Plaintiff's claims except those stated in Count I, under the ADA, will be granted.

In opposition to Defendant's Motion to Dismiss, Plaintiff's counsel previously referenced non-disability-related allegations made and investigated in connection with her EEO Charges. *See* Doc. 11 at unnumbered pg. 4 ("[Plaintiff] specifically alleged in her EEOC complaint that [Defendant] treated her in a disparate manner from male employees who were freely given access to their personal belongings and hotel rooms."). The Court's review of the record, however, failed to reveal any such information. Thus, the Court wrote:

> For the purposes of Defendant's Motion . . ., the parties agree that EEOC documents may be considered without a conversion to summary judgment, . . . and that the scope of the EEOC investigation is material to resolving Defendant's challenges. . . . The only EEOC documentation thus-far submitted, however, is a single-page Charge of Discrimination [signed on November 6, 2017].
>
> <u>Should either party wish for the Court to consider any other materials regarding the EEOC proceedings, they shall file a supplement containing the additional materials. If no additional materials are submitted, the Court will resolve the Motion on the current record.</u>

*See* text Order dated Oct. 10, 2019 (ref'd at Dkt. No. 12) (emphasis added).

In response to the Order, Defendant's counsel submitted additional EEO materials, including a second EEO Charge dated July 18, 2018. *See* Doc. 13 (corrected by Doc. 14). None of the materials provided by Defendant make reference to claims of discrimination apart from disability;[1] and Plaintiff has offered no supplementation.

Based on the record before the Court, and now that both sides have enjoyed clear notice and opportunity to supplement, Defendant's Motion is well-taken. There is no indication that the EEOC investigation extended beyond Plaintiff's central allegations of disability discrimination. Plaintiff has failed to demonstrate exhaustion of administrative remedies as to other theories, and Defendant's Motion (**Doc. 7**) to dismiss the non-disability claims is **GRANTED**.

IT IS SO ORDERED.

April 16, 2020                                       s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] In its "Circumstances of Alleged Discrimination" section, the second EEO Charge has two boxes checked, one for "Disability" and the other for "Retaliation." *See* Doc. 14-2.
No reasonable inference may be drawn, however, that purported retaliation encompassed protected-activity unrelated to disability discrimination. *See id.* To be clear, though, the instant ruling should not be read to preclude Plaintiff from pursuing her retaliation-theory under the ADA Count. *Compare* Am. Compl. (Doc. 3) at ¶ 4 (alleging that Defendant "acted in retaliation against Plaintiff when it terminated her employment after she had filed a complaint with the [EEOC]") *with* Kraft Chem. C. v. Salicylates & Chems. Private Ltd., 149 F. Supp.3d 897, 903 (N.D. Ill. 2015) (under Federal Rule 8, substance is elevated over form, and "the absence of a 'count' label[ing]" a specific legal theory "is not dispositive") (citation omitted).